IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUSSEL D. BASS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-1059-JPG |
| | ) |
| **LISA J. W. HOLLINGSWORTH,** | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner Russel Bass, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge one aspect of his sentence from his 2002 conviction in the United States District Court for the Northern District of Illinois.

**PROCEDURAL HISTORY**

Bass was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Based on a finding that he was an Armed Career Criminal (ACC) as defined by 18 U.S.C. § 924(e), he was sentenced to 300 months imprisonment. *United States v. Bass*, Case No. 01-cr-00109-1 (N.D. Ill., filed April 19, 2001), *aff'd* 325 F.3d 847 (7th Cir.), *cert. denied,* 124 S.Ct. 506 (2003). Bass later challenged his conviction and sentence pursuant to 28 U.S.C. § 2255, but that motion was denied as untimely. *Bass v. United States*, Case No. 05-cv-1776 (N.D. Ill., filed June 2, 2005).

**ARGUMENT PRESENTED**

In reliance on *Chambers v. United States*, 129 S.Ct. 687 (2008), and *Begay v. United States*, 128 S.Ct 1581 (2008), Bass argues that one of his three prior convictions does not qualify as a crime of violence. Specifically, Bass asserts that his 1985 conviction for burglary, a violation of Ill.Rev.Stat. 38 ¶ 19-1(a) (now codified at 720 ILCS 5/19-1)[1] should not be counted as violent felony because it was a burglary of a salvage yard, rather than of a residential dwelling. Thus, it was a class two felony, posing no risk of physical injury to another. Bass believes his enhanced ACC sentence is unjustified, and he should be resentenced accordingly.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[1] "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4-102 of the Illinois Vehicle Code." 720 ILCS 5/19-1(a).

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: July 15, 2010.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**