IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUSSEL D. BASS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case No.: 3:09-cv-01059-JPG-PMF** |
| ) | |
| **LISA J.W. HOLLINGSWORTH** ) | |
| **Warden, United States Penitentiary** ) | |
| **at Marion, IL,** ) | |
| ) | |
| **Respondent.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier by United States District J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the disposition of Respondent Lisa J.W. Hollingsworth's Motion to Dismiss Petitioner Russel D. Bass's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 for lack of subject matter jurisdiction (Doc. 10). On October 12, 2010, Petitioner responded to Respondent's Motion to Dismiss (Doc. 11). The Court, having reviewed the documents, **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND

On January 18, 2001, Petitioner was stopped by Joliet, Illinois police for failing to signal a traffic turn, and subsequently placed under arrest for driving with a suspended license (Doc. 10, exh. A). A search of Petitioner's vehicle revealed a loaded pistol under the front seat of his car. *Id.* Petitioner was later charged with violating 18 U.S.C. § 922(g)(1) which prohibits a convicted

1

felon from knowingly possessing a firearm. *Id.* On November 7, 2001, Petitioner entered into a conditional guilty plea agreement that reserved his right to appeal the district court's order denying his motion to suppress the loaded pistol as the product of an illegal search (Doc. 10, exh. C). The plea agreement entered into by Petitioner specifically stated that Petitioner was an armed career criminal pursuant to 18 U.S.C. § 924(e) given his three prior convictions for violent felonies. *Id.* Petitioner was subsequently sentenced to a term of imprisonment of 300 months on May 24, 2002 (Doc. 10, exh. A).

Petitioner then appealed his case to the Seventh Circuit Court of Appeals in which he raised three issues. First, Petitioner argued that Congress exceeded its authority in enacting 18 U.S.C. § 922(g)(1) because the intrastate possession of a firearm does not substantially affect commerce. *Id.* Second, Petitioner argued that the district court erred in denying his motion to suppress the firearm seized by law enforcement officers on the basis that the evidence was the product of an illegal stop and subsequent search. *Id.* Third, Petitioner appealed the two-point sentence enhancement for obstruction of justice. *Id.* After the Seventh Circuit denied Petitioner's appeal on all three grounds and affirmed his conviction and sentence, Petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied on November 3, 2003 (Doc. 10, exh. D).

On March 28, 2005, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 which attacked his conviction and sentence (Doc. 10, exh. E). Because § 2255 petitions must be filed within one year of a conviction becoming final, and because Petitioner's conviction became final once his Petition for Writ of Certiorari was denied, Petitioner's § 2255 Petition was dismissed as untimely (Doc. 10, exh. B).

On December 21, 2009, Petitioner filed the instant Petition under 28 U.S.C. § 2241 (Doc. 1). Petitioner argues in his Petition that his original sentence was calculated incorrectly. *Id.* Specifically, Petitioner asserts that because the district court determined that he had three prior convictions for violent felonies, 18 U.S.C. § 924(e) mandates that a 15-year minimum sentence be imposed. *Id.* Were Petitioner not determined to have been previously convicted of three violent felonies, however, the district court could not have imposed a sentence greater than 10 years. *Id.* Petitioner argues, therefore, that the district court incorrectly concluded that one of his three prior convictions – specifically, for burglary of Will County Auto Wreckers – should not have qualified as a violent felony, and thus, that 18 U.S.C. § 924(e) was incorrectly triggered. *Id.*

## APPLICABLE LEGAL STANDARDS

Normally a person may challenge his or her federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A 28 U.S.C. § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). The Seventh Circuit has further stated that "[o]rdinarily, [28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

In order for a motion to be "inadequate or ineffective," Petitioner must (1) show that there has been a legal theory advanced that both relies on a change in law that postdates the first

3

§ 2255 motion and the new law does not fall within the permission in § 2255 for a subsequent motion and (2) the theory supports a non-frivolous claim of actual innocence. *Kramer*, 347 F.3d at 217.

## **RECOMMENDATION**

In his Response to Respondent's Motion to Dismiss, Petitioner concedes that he "…is unable to make a claim of actual innocence to the underlying claim of 18 U.S.C. § 922(g)(i)…" (Doc. 11, pg. 6). Nonetheless, Petitioner argues that he is "…actually innocent of being an armed career criminal…." *Id.* In essence, Petitioner is arguing that although he was, in fact, guilty of the Will County Auto Wreckers burglary offense, this offense should not have been counted as a violent felony under 28 U.S.C. § 924(e), and the fact that it was counted as such resulted in the incorrect calculation of his original sentence.

A challenge to the calculation of an original sentence, however, falls directly within the purview of 28 U.S.C. § 2255, and not 28 U.S.C. § 2241. The Second Circuit Court of Appeals, in distinguishing these two types of claims, stated that:

> A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that "the sentence was imposed in violation of the Constitution or laws of the United States...."

*Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (citations omitted, italics in original).

In the case at hand, Petitioner is requesting that the Court reduce his sentence from 300 months to no more than 10 years. This request is obviously a challenge to Petitioner sentence, and not a challenge to the execution of his sentence. A petition under 28 U.S.C. § 2255, therefore, is the appropriate method to bring such a challenge, rather than 28 U.S.C. § 2241.

Furthermore, because 28 U.S.C. § 2255(a) requires petitions challenging a sentence to be brought in the original sentencing court – in this case, the United States District Court for the Northern District of Illinois – this Court lacks jurisdiction to hear Petitioner's case. As stated above, Petitioner's prior 28 U.S.C. § 2255 Petition in the Northern District was previously dismissed as untimely. Because Petitioner has neither sought nor received permission from the Seventh Circuit to file a successive or second 28 U.S.C. § 2255 petition, the Court does not believe that transferring the present case to the Northern District is appropriate.

It is therefore **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED.**

**DATED: October 15, 2010.**

>                     */s/ Philip M. Frazier*
>                     **HON. PHILIP M. FRAZIER**
>                     **UNITED STATES MAGISTRATE JUDGE**

5